**FORM TO BE USED BY A PRISONER FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------x

CLEMENT LOWE,
Full name of plaintiff/prisoner ID# 00-A-2910

        Plaintiff,

GARAUFIS, J.

BLOOM, M.J.

CV 02 3530

TRIAL BY JURY DEMAND
YES X   NO ___

-against-

CHARLES J. HYNES DIST. ATT.
CYNTHIA LYNCH, A.D.A.
_____,
Enter full names of all defendants

        Defendants.

-------------------------------------------------------x

RECEIVED
JUN 14 2002
PRO SE OFFICE

I. Previous Lawsuits:

    A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment? Yes (X) No ( )

    B. If your answer to A is yes, describe the lawsuit in the space below (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

        1. Parties to this previous lawsuit:

            Plaintiffs: CLEMENT LOWE

            Defendants: HOWARD SAFIR, POLICE COMM. NY CITY POLICE DEPT. EVAN PAYNE, GREGG LOCKER, SGT. REGAN, 101 PRECINT

        2. Court (if federal court, name the district; if state court, name the county)
           UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT

        3. Docket Number: NOT YET ASSIGNED

3

4. Name of Judge to whom case was assigned: __N/A__

5. Disposition: (for example: Was the case dismissed? Was it appealed? Is it still pending?)
   __PENDING__

6. Approximate date of filing lawsuit: __AUGUST 30, 2001__

7. Approximate date of disposition: __PENDING__

II. Place of Present Confinement: __SHAWANGUNK CORRECTIONAL FACILITY__

   A. Is there a prisoner grievance procedure in this institution? Yes (X) No ( )

   B. Did you present the facts relating to your complaint in the state prisoner grievance procedure? Yes ( ) No (X)

   C. If you answer is YES;

       1. What steps did you take? __N/A__

       2. What was the result? __N/A__

   D. If you answer is NO, explain why not __THIS MATTER IS NOT APPLICABLE FOR PRISONER GRIEVANCE PROCEDURE__

   E. If there is no prison grievance procedure in the institution, did you complain to prison authorities? Yes ( ) No ( )

   F. If you answer is YES,

       1. What steps did you take? __N/A__

       2. What was the result? __N/A__

III. Parties

   (In item A below, place your name in the first blank and place our present address in the second blank. Do the same for additional plaintiffs, if any.)

4

A.   Name of plaintiff  CLEMENT LOWE

Address SHAWANGUNK,C.F. P.O.BOX 700,WALLKILL,NEW YORK 12589

(In item B below, place the full name of the defendants in the first bland, his official position in the second blank, and his place of employment in the third blank. Use item C for the names, positions, and places of employment of any additional defendants.)

B. Defendant CHARLES J.HYNES is employed as DISTRICT ATTORNEY at KINGS COUNTY; RENAISSANCE PLAZA,350 JAY ST.BROOKLYN,NY 11201

C. Additional Defendants CYNTHIA LYNCH,ASSISTANT DISTRICT ATTORNEY KINGS COUNTY, BROOKLYN, 350 JAY ST. NEW YORK 11201

IV. Statement of Claim

(State here, as briefly as possible, the facts of your case. Describe how each defendant is involved. Include also, the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach additional 8 1/2 x 11 sheets, if necessary.)

SEE ATTACHED STATEMENT OF FACT.

5

STATEMENT OF FACT
_____

Clement Lowe, (hereinafter "Plaintiff") a native of Jamaica, West Indies, became permanent resident of the United States of America in 1993, after three years in the U.S.A. plaintiff opened his own restaurant business in Parkslope, Brooklyn, New York, with the assistance of loan from the Small Business Association. Plaintiff is the father of five children and had never been arrested had no priors.

On September 9, 1998 plaintiff was charged with attempted murder, assault and weapon possession for stabbing his former girlfriend, Shireen Lyons at Pathmark Supermarket in Kings County, Brooklyn. Between January 31, February 1,2,3,2000, a Molineaux/Ventigmiglia hearing was held, the Assistant District Attorney, Cynthia Lynch informed the court that on August 27,1998, plaintiff picked up Shireen Lyons at her work place in Manhattan, forced her in a taxi cab with a Tech-9 machine gun, took her to his home robbed her of a diamond ring and raped her, and that Plaintiff was charged with the crime of rape and robbery in Manhattan.

Throughout the entire trial the Assistant District Attorney, Cynthia Lunch, slander the Plaintiff character that he has been charge and has a case pending in Manhattan for rape and robbery. Wherefore, defense counsel on or about February 14,2000, requested the trial court to have the assistant district attorney set the record straight on the inflammatory defamation of plaintiff character concerning the rape and robbery incident on August 27,1998. At this time the Court asked the assistant district attorney, if she will stipulate to the issue in question, the assistant district attorney response to the Court was that she will not stipulate because plaintiff has been charge in Manhattan for rape and robbery and there is a case pending in Manhattan against plaintiff.

(1)

Defense Counsel then contacted the District Attorney's Office in Manhattan, to which he was told that plaintiff has not been charge and that there are no case pending in Manhattan against plaintiff. The Court at this point gave a belated instruction to the jurors that there are no charges pending at this time regarding an incident on August 27,1998.

The juror went overnight with the misimpression that the plaintiff has robbed and rape a woman, and there was a case pending in Manhattan for the crime. This devastated inflammatory prejudicial testimony by the assistant district attorney deprived plaintiff of his due process right and fair trial, whereas, plaintiff was convicted for the charges before the jurors.

---

Plaintiff further suffered from the Assistant District Attorney, Cynthia Lynch pervasive improprieties which went beyond the bounds of fair advocacy and trammeled upon plaintiff's right when this assistant district attorney informed the Court at an earlier preliminary proceeding that plaintiff was charged for the August 27,1998 rape and robbery incident, whereas, plaintiff was granted bail at his arraignment on September 10, 1998, in the sum of $40,000. While plaintiff appeared in court on September 14, 1998 for his case to be heard, assistant district attorney, Cynthia Lynch informed the Court about the Manhattan charges, and that plaintiff is a threat to society and should be remanded in custody, as a result the Court immediately revoked plaintiff bail and remanded him in custody. Therefore, had the District Attorney,Mr.Charles J.Hynes, closely supervises the work of his assistant district attorney,Cynthia Lynch, the violations occured in this matter that plaintiff suffered repeatedly may never occured.

(2)

On September 9,1998, during plaintiff arrest in Kings County, Brooklyn, his 1998 Toyota 4-Runner was confiscated by the Police, on June 14,1999 the Assistant District Attorney, Cynthia Lynch informed the Court that Plaintiff Toyota 4-Runner was pursuant to release and was released to the person who leased the said car in question.

A Huntley, Mapp, and Wade hearing was held between June 14, and 18, 1999. The Assistant District Attorney, Cynthia Lynch asked the arresting officer Evan Payne, if he had learn who was the owner or the lessor of the Toyota 4-Runner in question, Payne answered yes; the Assistant District Attorney then asked Payne as to who was the owner of the Toyota 4-Runner, Payne response to the A.D.A. was that Clement Lowe is the owner.

Sergeant Mitchell Falk was called by the assistant district attorney Cynthia Lynch to testify for the People, when the Presiding Justice Leventhal, asked Sgt. Falk, if he had established who is the owner of the car in question, Sgt. Falk respond to the Court that it was ascertain that Clement Lowe was the owner of the said Toyota 4-Runner.

On February 15, 2000, at the main trial the Assistant District Attorney Cynthia Lynch, again asked the arresting officer Evan Payne, if he had run any sort of computer check to determine who the owner of the Toyota 4-Runner in question was; Payne answered yes; the assistant district attorney then asked Payne what result did he received, Payne respond that he received a registration return to Clement Lowe.

(3)

Plaintiff was incarcerated at the time when the assistant district attorney informed the Court that plaintiff Toyota 4-Runner was pursuant to release and was released to the person who leased it. Plaintiff car in question was not released to him, and plaintiff did not designate anyone to accept the release of his car. Furthermore this incarcerated plaintiff was not served with notice of the release of his car prior to its released. Plaintiff was only made aware of the released of his car when the assistant district attorney, Cynthia Lynch made the announcement in the Courtroom that the car was already released. Meanwhile, the record failed to establish, namely as to who received plaintiff Toyota 4-Runner, thus, violated plaintiff constitutional right.

The cost of the Toyota 4-Runner was $45,000. Plus insurance. Plaintiff now seek compensatory damage for his car in the sum of three hundred thousand dollars. And punitive damage in the sum of two hundred thousand dollars for violation of his rights.

Plaintiff seek two hundred and fifty million dollars compensatory damage and two hundred million dollars punitive damages for the slander, libel, and defamation of plaintiff character; plaintiff suffer serious emotional stress and social rejections; violation of due process, and right to a fair trial.

The Assistant District Attorney, Cynthia Lynch, knowingly gave false testimony at the Molineaux/Ventimiglia hearing and continued further into trial, and deliberately mislead the Court. Plaintiff brought this suit against defendants in their individual capacity. No application for compensatory and punitive damages for this claims has been made before.

(4)

Respectfully submitted by

Clement Lowe "Plaintiff"
June 12, 2002